﻿Citation Nr: 18132475
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 15-33 835
DATE: September 6, 2018
ORDER
Entitlement to an initial rating of 20 percent for status post-left Achilles rupture is granted.
FINDING OF FACT
The Veteran’s left ankle disability was manifested by ankle dorsiflexion and plantar flexion that more closely approximates marked limitation of motion of the left ankle. 
CONCLUSION OF LAW
The criteria for a 20 percent schedular rating for the Veteran’s left ankle disability, and no higher, have been satisfied. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.71a, Diagnostic Code 5271.
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active military service from August 2003 to December 2003.
Entitlement to an initial rating higher than 10 percent for status post-left Achilles rupture
Ratings for service-connected disabilities are determined by comparing the Veteran’s symptoms with criteria listed in VA’s Schedule for Rating Disabilities, which is based, as far as practically can be determined, on average impairment in earning capacity. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Separate diagnostic codes identify the various disabilities. 38 C.F.R. Part 4. When rating a service-connected disability, the entire history must be borne in mind. Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. The Board will consider entitlement to staged ratings to compensate for times since filing the claim when the disability may have been more severe than at other times during the course of the claim on appeal. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2009).
The assignment of a particular diagnostic code to evaluate a disability is “completely dependent on the facts of a particular case.” See Butts v. Brown, 5 Vet. App. 532, 538 (1993). One diagnostic code may be more appropriate than another based on such factors as an individual’s relevant medical history, the diagnosis, and demonstrated symptomatology. 
The intent of the rating schedule is to recognize painful motion with joint or periarticular pathology as productive of disability. Thus, with or without degenerative arthritis, it is the intention to recognize actually painful, unstable, or malaligned joints, due to healed injury, as entitled to at least the minimum compensable rating for the joint. 38 C.F.R. § 4.59; see Burton v. Shinseki, 25 Vet. App. 1, 5 (2011) (holding that the provisions of 38 C.F.R. § 4.59 are not limited to disabilities involving arthritis). 
Moreover, when evaluating musculoskeletal disabilities, VA may, in addition to applying the schedular criteria, assign a higher disability rating when the evidence demonstrates functional loss due to limited or excessive movement, pain, weakness, excessive fatigability, or incoordination, to include during flare-ups and with repeated use, if those factors are not considered in the rating criteria. See 38 C.F.R. §§ 4.40, 4.45, 4.59; see also DeLuca v. Brown, 8 Vet. App. 202 (1995); Burton, 25 Vet. App. at 5.
Nonetheless, a disability rating higher than the minimum compensable rating is not assignable under any diagnostic code relating to range of motion where pain does not cause a compensable functional loss. Rather, the “pain must affect some aspect of ‘the normal working movements of the body’ such as ‘excursion, strength, speed, coordination, and endurance,” as defined in 38 C.F.R. § 4.40, before a higher rating may be assigned. See Mitchell v. Shinseki, 25 Vet. App. 32, 37 (2011) (noting that while “pain may cause a functional loss, pain itself does not constitute a functional loss,” and, is therefore, not grounds for entitlement to a higher disability rating).
The Veteran’s left ankle disability is currently rated as 10 percent disabling under Diagnostic Code 5271. 38 C.F.R. § 4.71a. The Veteran contends that her left ankle is worse than her assigned rating reflects.
Under Diagnostic Code 5271, a rating of 10 percent is warranted when limitation of motion of the ankle is moderate. 38 C.F.R. § 4.71a. The maximum rating of 20 percent is warranted where the limitation of motion in the ankle is marked. Normal ankle motion is dorsiflexion to 20 degrees, and plantar flexion to 45 degrees. 38 C.F.R. § 4.71a, Plate II.
Words such as “moderate” and “marked” are not defined in the VA Rating Schedule. Rather than applying a mechanical formula, the Board must evaluate all of the evidence, to the end that its decisions are “equitable and just.” 38 C.F.R. § 4.6.
On VA examination in March 2013, the examiner noted that the Veteran’s left ankle disability was manifested by residual tendonitis and limited range of motion. She denied flare-ups of symptoms. Plantar flexion was to 30 degrees and dorsiflexion was to 15 degrees. There was no additional limitation of motion with repetitive movement. Muscle strength was normal. There was no laxity. There was no ankylosis.
A July 2013 clinical treatment note recorded complaints of discomfort status post Achilles tendon surgery. Examination showed pain present along the Achilles tendon with discomfort exacerbated by dorsiflexion. The Veteran was seen in December 2013 for a permanent profile for no running, no prolonged walking, marching, climbing, bicycling and inability to wear steel toe shoes. In September 2014 active range of motion revealed plantar flexion to 35 degrees and dorsiflexion to 15 degrees with painful motion. There was a left sided antalgic gait. She was subsequently treated with physical therapy.
On VA examination in April 2015 the Veteran complained that her left ankle disability limited prolonged standing and walking. She also stated that she could not walk fast as a result of her condition. Examination revealed dorsiflexion limited to 10 degrees and plantar flexion to 25 degrees. There was painful motion. Following repeated use, dorsiflexion was to 5 degrees and plantar flexion was to 15 degrees. There were no flare-ups or ankylosis noted. 
A July 2016 Disability Benefits Questionnaire, showed dorsiflexion was to 10 degrees and plantar flexion was to 25 degrees with pain noted on all planes. There was no additional loss of function or range of motion after three repetitions. Private treatment notes recorded plantar flexion to 8 degrees.
On VA examination in September 2016 the Veteran complained of some dorsiflexion stiffness. Currently, she was not undergoing treatment and did not use medication. Dorsiflexion was to 10 degrees and plantar flexion was to 45 degrees with no pain noted on all planes. There was no additional loss of function or range of motion after three repetitions. Muscle strength was normal and there was no muscle atrophy. There were no flare-ups in symptoms. There was no ankylosis. There was no ankle instability. The examiner found no residuals from surgery.

On VA examination in July 2017 the Veteran complained of pain in the left ankle when standing or walking. Reportedly, she took pain medication as needed. There were no flare-up of symptoms. Dorsiflexion was to 10 degrees. Plantar Flexion was to 25 degrees. There was evidence of pain on weight bearing and passive range of motion, with no additional limitation of motion. Similarly, there was no additional loss of function or range of motion after three repetitions. Muscle strength was 4/5. There was no ankylosis. The examiner further noted that recent imaging studies failed to document osteoarthritis of the left ankle joint. The left ankle disability impaired the Veteran’s ability to kneel or squat. She was not able to jump, walk or run uphill. Other limitations as a result of the Veteran’s physical disabilities included inability to do any heavy lifting, prolonged driving, pushing or pulling. Reportedly, she was also limited in her ability to do household chores.
Throughout the appeal the severity of the Veteran’s left ankle disability has fluctuated. In 2013 dorsiflexion was to 15 degrees and plantar flexion to 30 degrees. In September 2014 dorsiflexion to 15 degrees and plantar flexion to 35 degrees with painful motion. In 2015 dorsiflexion limited to 10 degrees and plantar flexion to 25 degrees, however, following repeated use, dorsiflexion was to 5 degrees and plantar flexion was to 15 degrees. In 2016 dorsiflexion was to 10 degrees and plantar flexion was to 25 degrees with pain noted on all planes. Private treatment notes recorded plantar flexion to 8 degrees. In 2016 dorsiflexion was to 10 degrees and plantar flexion was to 45 degrees with no pain, while a year later plantar flexion decreased to 25 degrees. Therefore, because most of the range of motion studies conducted showed limitation of plantar flexion and dorsiflexion to approximately half of what would be considered normal range of motion, the Board finds that the Veteran’s limitation of the motion of the left ankle is more closely approximated by a marked limitation and that the criteria for a 20 percent rating under Diagnostic Code 5271 are met. A 20 percent rating is the maximum rating available under Diagnostic Code 5271.
A rating in excess of 20 percent for the left ankle disability is not warranted under any other potentially applicable rating criteria pertaining to the ankle. Indeed, a rating in excess of 20 percent is not warranted under Diagnostic Code 5270 (for ankle ankylosis) or Diagnostic Code 5272 (for ankylosis of the subastragalar or tarsal joint) because the evidence does not demonstrate ankylosis or ankylosis of the subastragalar or tarsal joint for the left ankle. In this regard, the Board notes that in 2017 there was some confusion as to whether ankylosis was present. However, as the evidence has repeatedly shown that the Veteran has movement in her left ankle, and the VA examiner in July 2017, as well as all prior VA examination reports, specifically found no evidence of ankylosis, it follows that the left ankle joint is not ankylosed. Also, the left ankle has not undergone an astragalectomy; therefore, a rating in excess of 20 percent is not warranted under Diagnostic Code 5274 for astragalectomy. 
Furthermore, the evidence does not demonstrate malunion of the os calcis or astragalus; therefore, a higher rating under Diagnostic Code 5273 (for malunion of the os calcis or astragalus) is not warranted.
The Board also finds that the weight of the evidence is against finding that the left ankle more closely approximates a severe foot injury such that the criteria for a rating in excess of 20 percent under Diagnostic Code 5284 for other foot injuries are met. Under Diagnostic Code 5284, a 30 percent rating is warranted for a severe foot injury. A 40 percent rating may be assigned if there is actual loss of use of the foot. 38 C.F.R. § 4.71a, Diagnostic Code 5284. In this case, the weight of the evidence shows that the Veteran has limitation of left ankle motion. There is no objective evidence of left ankle instability. 
In this regard, the examiners have specifically discussed the medical evidence and explained why there was no pathology associated with instability of the left ankle. Moreover, the Veteran does not have left ankle ankylosis; and she experiences no associated, decreased sensation or significantly decreased muscle strength. For these reasons, the Board finds that the disability picture does not more closely approximate severe foot injury such that a 30 percent rating or higher under Diagnostic Code 5284 is warranted.
The Board has also considered 38 C.F.R. § 4.59 regarding the Veteran’s left ankle. In this case, however, the Veteran has already been assigned the maximum rating for the left ankle based on limitation of motion. Johnston v. Brown, 10 Vet. App. 80, 85 (1997) 
The Board has also again considered the statements submitted by the Veteran in support of the claim. The Board finds that the Veteran is a lay person and is competent to report observable symptoms she experiences through her senses such pain and swelling and stiffness of the ankle. Layno, 6 Vet. App. at 469. The Veteran’s statements and testimony serves, in part, as the basis for the assignment of a higher rating during this period of the appeal. 
Accordingly, the Board finds that the preponderance of the evidence supports a finding that the criteria for a 20 percent rating for the Veteran’s left ankle disability have been met. However, the Board finds that the preponderance of the evidence is against the assignment of a rating higher than 20 percent. 38 U.S.C. § 5107 (b); Gilbert, 1 Vet. App. at 55.
(Continued on the next page)
 
Finally, the Board does not find that this case raises a claim for a total disability evaluation based upon individual unemployability (TDIU). See Rice v. Shinseki, 22 Vet. App. 447, 454 (2009). The evidence of record documents some functional impairment due to the left ankle disability, mainly the examiners have noted some physical limitations, however, there is no evidence that supports a finding that the condition, when considered either individually or combined with other service-connected disabilities, preclude substantially gainful employment. Therefore, a claim for TDIU has not been raised by the record and no action pursuant to Rice is warranted.
 
JOHN J. CROWLEY
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Department of Veterans Affairs